DOUGLAS CHESEBROUGH, Appellant, v. THOMAS H. TOMP-
KINS, impleaded, etc., Respondent.

In an action against the maker of a note, where the holder claimed title
under an indorsement of the payee's name, made by one claiming to be
his agent for that purpose, the plaintiff was nonsuited, on the ground of
failure to show title in the plaintiff.    It appearing upon the trial that the
only authority of such agent was in writing not produced, and a motion
having been made by the defendant on that ground to strike out his oral
testimony of authority, — Held, in this court, that the nonsuit was right,
and the case not stating what disposition was made of the motion to
strike out, it would be presumed, in support of the nonsuit, that it was
granted, leaving no evidence whatever of the plaintiff's ownership of the
note.

(Argued March 22; decided April 4, 1871.)

APPEAL from the late General Term of the Supreme Court in the Fourth judicial district, which affirmed a nonsuit of the plaintiff at circuit.

The action was upon a promissory note, of which the following is a copy: " $200. Saratoga Sp'gs, Sept. 22d, 1866. One year after date I promise to pay George W. Palmer or order two hundred dollars, value received, with interest, at my residence. T. H. Tompkins." The plaintiff attempted to make title under the indorsement of the payee's name by one Brown. The evidence as to his authority is stated in the opinion.

*J. W. Crane,* for the appellant.

*William A. Beach,* for the respondent.

RAPALLO, J. The nonsuit was granted on the ground that the plaintiff showed no title to the note.

The only witness called to prove the authority of Brown to indorse and transfer the note was Palmer, the payee.

He testified, in substance, that Brown was authorized by him to sell certain patent rights, and to receive notes in payment and transfer them so as not to make him (Palmer) liable in any way. On cross-examination, however, he testified that he furnished Brown with printed blank notes, all payable to bearer, to be used in that business; that Brown had authority to take and transfer such notes, and no others; that he had no authority to take notes payable to order, and write Palmer's name upon them. On further cross-examination it appeared that Brown's authority was in writing. The writing, though called for, was not produced, and the defendant moved, on that ground, to strike out the oral evidence which had been given as to Brown's authority.

The case does not disclose what disposition was made of this motion. But, inasmuch as the judge nonsuited the plaintiff, on the ground of want of title, and held that there was no evidence to submit to the jury on that point, it would, if

necessary to support his decision, be intended that he granted the motion to strike out, and regarded the oral evidence of authority as excluded.

In that view of the case, there was no evidence whatever of title to the note, and the nonsuit was properly granted.

The judgment should be affirmed, with costs.

ALLEN, GROVER, and FOLGER, JJ., concur; Ch. J. and PECKHAM, J., do not vote; ANDREWS, J., not sitting.

Judgment affirmed.